2012 Ark. 199

**Avery SCOTT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–199.**

Supreme Court of Arkansas.

May 10, 2012.

Jesse L. Kearney, Cross & Kearney, PLLC, Pine Bluff, for Appellant.

Dustin McDaniel, Atty. Gen., Lauren Elizabeth Heil, Asst. Atty. Gen., for Appellee.

DONALD L. CORBIN, Justice.

Appellant Avery Scott appeals the order of the Washington County Circuit Court denying his petition for postconviction relief filed pursuant to Ark. R.Crim. P. 37.1 (2011). On appeal, Scott argues that the circuit court erred in denying his petition where (1) the trial court lacked jurisdiction to convict and sentence him, (2) the prosecutor acted in bad faith, and (3) trial counsel failed to afford effective assistance of counsel. We find no error and affirm.

On October 8, 2009, Scott was charged with one count of rape in violation of Ark. Code Ann. § 5–14–103 (Supp.2009), based on an allegation that he had engaged in sexual intercourse with K.P., during a time in which she was too intoxicated to consent. Scott, who at the time of the crime was employed as a rover at the University of Arkansas, came into contact with K.P. while conducting security checks on campus. At that time, Scott contacted campus police because K.P. was intoxicated. After campus police let her go, K.P. saw Appellant again and asked him to let her into her dormitory because she did not have her identification. Thereafter, Scott went to K.P.'s room and engaged in sexual intercourse with her. According to K.P., she recalled little about the events leading up to the assault, as she had consumed several shots and other alcoholic beverages earlier in the evening while at a fraternity party. She stated that she woke up in her bed with Scott performing oral sex on her and immediately passed out again.

Emily Deaver, the victim's roommate, told authorities that she returned to their room and attempted to walk in but the door was slammed shut from the inside. Deaver waited in the hallway for approximately fifteen to twenty minutes, when a man, later identified as Scott, exited the room. When she returned to her room, she found K.P. upset and when Deaver asked her what was wrong, K.P. replied that she could not remember anything. Thereafter, campus police were contacted, and they began an investigation that led them to Scott. When questioned by authorities, Scott told them that K.P. had asked him to help her to her dorm room and that she then undressed and started making sexual advances toward him. Scott then admitted to engaging in sexual intercourse with K.P. but denied that she was too intoxicated to consent.

Although Scott was initially charged with one count of rape, the State later amended the felony information to charge Scott with one count of sexual assault in the second degree, in violation of Ark.Code Ann. § 5–14–125 (Supp.2009). Scott entered a plea of guilty to the sexual-assault charge and was sentenced to a term of 180 months' imprisonment in the Arkansas Department of Correction, with eighty-four months of that sentence suspended. Scott subsequently filed a motion to withdraw his plea, arguing that his plea was involuntary because his attorney pressured him to accept it. This motion was denied.

Scott then filed the instant petition for postconviction relief. At a hearing on the petition, Scott testified that he never really wanted to plead guilty but he did so after his attorney told him that it could be withdrawn later. According to Scott, he felt pressured to accept the plea so that he could remain out on bail to spend time with his parents who were ill. He also stated that after he entered the plea, but before sentencing, he told his attorney that he had changed his mind and wanted to withdraw his plea. Scott stated that his attorney initially promised to withdraw his plea but never did. Scott also stated that his attorney warned him that if he withdrew his plea the State would then pursue the original rape charge.

Scott's trial counsel, Robert Parks, also testified. According to Parks, the defense was focused on whether the State could prove the necessary elements of the crime and that when he approached the State about a plea deal, he did so at the request of Scott. Parks testified that Scott never asked him to withdraw his plea, only to investigate the possibility, which they then discussed. Parks denied ever telling Scott that if he withdrew his plea the State would pursue the rape charge. In fact, according to Parks, Scott instructed him to ask the prosecutor whether the charge would be modified to rape. Parks testified that the prosecutor stated that he would not pursue a rape charge but would probably add a charge of residential burglary if Scott withdrew his plea. According to Parks, Scott instructed him not to file a motion to withdraw his plea. Finally, Parks testified that he was surprised by the allegations made by Scott because most of them were false.

The circuit court entered an order on March 11, 2011, denying Scott's petition for postconviction relief. Therein, the circuit court found that Scott's plea was voluntary, that he made a knowing and intelligent waiver of his rights at the plea hearing, and that there was no credible evidence that he instructed his trial counsel to withdraw his plea. Based on these findings of fact, the circuit court concluded that there was sufficient reasonable cause to arrest and charge Scott with rape; that Scott failed to demonstrate any prejudice resulting from his representation by Parks; that Scott failed to show that Parks's performance was deficient; and that there was a reasonable probability that a different result would have occurred absent any errors by Parks. This appeal followed.

■ At the outset, we note that this court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.*

■ Where, as here, a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *See Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam); *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going

to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

■ As his first point on appeal, Scott argues that the circuit court erred in denying his Rule 37 petition where the trial court lacked jurisdiction to convict and sentence him. To this end, Scott argues that, at a bare minimum, the State was required to prove that he used forcible compulsion against the victim or had to prove the victim was physically helpless, mentally defective, or mentally incapacitated as set forth in section 5–14–103. Scott further argues that the State could prove neither of those things because there was no evidence of forcible compulsion, and self-intoxication does not satisfy the incapacities set out in section 5–14–103. In sum, Scott asserts that the trial court could not convict him of something, i.e., consensual sex, that was not a crime.

The State notes that, even though Scott did not raise this issue below, this court may always consider the question of jurisdiction. Nevertheless, the State counters that Scott's argument is without merit because it is based on a faulty premise that a trial court lacks jurisdiction simply because a defendant's account of the facts underlying a crime demonstrate that no crime was committed.

We agree with the State that there is no merit to Scott's argument in this regard but for a different reason. Although Scott couches his argument in terms of a jurisdictional challenge, it is actually a direct challenge to the sufficiency of the evidence and is not cognizable in Rule 37.1 proceedings. *See Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000) (citing *O'Rourke v. State*, 298 Ark. 144, 765 S.W.2d 916 (1989) (per curiam)). Moreover, as we have previously stated, when a defendant pleads guilty, the only claims cognizable in a pro-ceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *See Jamett*, 2010 Ark. 28, 358 S.W.3d 874; *French v. State*, 2009 Ark. 443, 2009 WL 3047356 (per curiam). Accordingly, the circuit court did not err in denying Appellant's petition on this basis.

As his second point on appeal, Scott argues that the circuit court erred in denying his petition where he asserted that the prosecutor acted in bad faith by charging him with a crime when there is no statute prohibiting a person from engaging in sexual intercourse with another person who is intoxicated. According to Scott, the prosecutor was aware that he could not prove that K.P. was mentally defective, mentally incapacitated, or physically helpless, such to demonstrate that a crime had occurred. The State counters that this argument is neither cognizable in a Rule 37 proceeding, nor has Scott preserved it for our review.

■ This court has held that claims of prosecutorial misconduct are not cognizable in a Rule 37.1 proceeding. *Lowe v. State*, 2012 Ark. 185, —— S.W.3d —— (per curiam); *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Moreover, to the extent that Scott is challenging the sufficiency of the evidence relied on by the prosecutor to charge him with either rape or second-degree sexual assault, such an argument is also not cognizable in a Rule 37.1 proceeding. A claim of actual innocence is a direct attack on the judgment and a challenge to the sufficiency of the evidence that is not cognizable in a Rule 37.1 proceeding. *See Bell v. State*, 2010 Ark. 65, 360 S.W.3d 98 (per curiam). Therefore, we cannot say that the circuit court clearly erred in denying relief on this ground.

■ We turn now to Scott's remaining point on appeal. Scott argues that his

trial counsel failed to afford effective assistance of counsel where counsel failed to seek a dismissal of the charges against him or to seek a writ of prohibition, as there was no evidence to warrant the charges. In this regard, Scott repeats his previous assertions that there was no evidence of a crime where his only action was to have sexual intercourse with an intoxicated person. Additionally, Scott alleges that counsel was ineffective by encouraging him to plead guilty to the reduced charge of second-degree sexual assault. Alternatively, Scott argues that his counsel should have at least entered the plea pursuant to Ark. R.Crim. P. 24.3, so that he could contest probable cause after entry of the plea.[1] The State argues that Scott has failed to even assert that, but for counsel's errors, he would not have pleaded guilty and insisted on a trial. Thus, according to the State, this is a sufficient reason alone to affirm the circuit court's denial of Rule 37 relief.

Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the

Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective, could not have been the result of reasonable professional judgment. *Id.* In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Montgomery*, 2011 Ark. 462, 385 S.W.3d 189.

We reiterate that in a case such as this one where the judgment was based on a guilty plea, the only way for Scott to demonstrate prejudice in support of his claim of ineffective assistance is by showing that there was a reasonable probability that, but for counsel's alleged error, he would not have pled guilty and would have insisted on going to trial. *Buchheit*, 339 Ark. 481, 6 S.W.3d 109. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874. A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Herron v.*

---

1. Within his argument that he was denied effective assistance of counsel, Scott argues that the trial court erred in accepting his guilty plea, where he expressed reservations about pleading guilty. Even if we were to recognize this argument as one that counsel was ineffective in not objecting to the trial court's acceptance of the plea, we would still be precluded from considering the merits of such an argument where Scott did not raise this argument in his Rule 37 petition. All grounds for relief pursuant to Rule 37.1 must be asserted in the original or an amended petition. Ark. R.Crim. P. 37.2(b), (e); *Lee v. State*, 2010 Ark. 261, 2010 WL 2132249 (per curiam). We do not consider issues that are raised for the first time on appeal. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874.

*State,* 2011 Ark. 71, 2011 WL 573834 (per curiam).

Here, the State is correct that Scott does not even allege that, but for counsel's errors, he would not have pled guilty and would have demanded a trial. In fact, Scott's argument on this point is summed up as follows:

> It was incumbent upon Trial Counsel to prevent this baseless charge from going forward, to avoid the irreparable harm that results, including a client pleading guilty to a non-existent crime out of fear of what the State can bring to bear on him.

Clearly, Scott's argument that counsel was ineffective is again based on his flawed belief that there was no evidence supporting a criminal charge against him. Although Scott argues that his counsel coerced him into pleading guilty, this is nothing more than a conclusory allegation unsupported by any evidence other than Scott's own self-serving testimony. Conclusory statements cannot be the basis of postconviction relief. *Springs,* 2012 Ark. 87, 387 S.W.3d 143. The circuit court, in denying postconviction relief, found that Scott had entered his plea voluntarily and after making a knowing and intelligent waiver of his rights. In sum, we cannot say that the circuit court erred in this regard.

Affirmed.