SLIP OPINION

Cite as 2014 Ark. 247

# SUPREME COURT OF ARKANSAS

No. CR-13-1123

| | | |
|---|---|---|
| TORRANCE CAERY | | **Opinion Delivered**   May 22, 2014 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION |
| V. | | OF BRIEF TIME |
| | | [PULASKI COUNTY CIRCUIT COURT |
| | | [NO. 60CR-10-2573] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRISTOPHER |
| | | CHARLES PIAZZA, JUDGE |
| | | |
| | | <u>APPEAL DISMISSED; MOTION</u> |
| | | <u>MOOT</u>. |

**PER CURIAM**

In 2011, in a bifurcated trial, appellant Torrance Caery was found guilty by a jury of

aggravated residential burglary, two counts of first-degree battery committed in the presence of

a child, and having employed a firearm in the aggravated residential burglary.  He was sentenced

as a habitual offender to an aggregate sentence of 1320 months' imprisonment.  The Arkansas

Court of Appeals affirmed.  *Caery v. State*, 2012 Ark. App. 583.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for

postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011).  The trial

court denied the petition, and appellant lodged an appeal from that order in this court.  He now

seeks by pro se motion an extension of time to file his brief-in-chief.  As it is clear from the

record that appellant could not prevail if the appeal were permitted to go forward, the appeal

is dismissed, and the motion is moot.  *See Williams v. State*, 2014 Ark. 70 (per curiam).

In his petition, appellant alleged that he was not afforded effective assistance of counsel

SLIP OPINION

at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 173, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington*

SLIP OPINION

*v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant argued in his Rule 37.1 petition that counsel should have objected to appellant's being brought to trial on multiple offenses. He contended that the fact that the jury had to consider multiple offenses made the jury "doubtful" of his innocence on any one particular offense. If it was appellant's contention that the charges against him should have been severed for trial, he did not demonstrate that there was a ground to sever the offenses. A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on the

3

SLIP OPINION

failure of counsel to make a motion to sever is required to establish that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *See Clayton v. State*, 2013 Ark. 453 (per curiam). Failure to make a meritless motion does not constitute ineffective assistance of counsel. *Id.* Appellant offered no ground on which counsel could have moved to sever the charges and bring him to trial separately for each offense.

Appellant also asserted that counsel erred by allowing the State to bring up his prior criminal history. Appellant does not allege that his criminal history was brought up in the guilt phase of the trial. In the sentencing phase of his trial, the criminal history was introduced to establish that appellant was a habitual offender as charged by the State. Appellant did not show that there was a basis on which counsel could have mounted an objection in the sentencing phase to prevent the prior judgments from being revealed to the jury. As with the previous allegation of ineffective assistance of counsel, it was appellant's burden to state a specific basis on which counsel could have objected. *See Watson v. State*, 2012 Ark. 27 (per curiam). The onus is on an appellant to provide facts that affirmatively support his claims of prejudice. *Id.*; *see also Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam). Conclusory statements cannot form the basis of postconviction relief. *Watson*, 2012 Ark. 27.

Appellant next alleged that counsel "failed to rationalize," which lead to "misunderstanding and unprofessionalism." As appellant offered no explanation for the meaning of the allegation, he did not state a basis on which a finding of prejudice could be made.

Appellant also claimed that counsel did not visit him often enough before trial to prepare an adequate defense. He argued that the lack of preparation resulted in counsel's inability to

effectively cross-examine witnesses. Appellant did not explain in his petition what information he could have provided had counsel visited him more often before trial, what evidence further investigation into the case could have uncovered, or how further preparation would have assisted in examining any particular witness. This court has held that general assertions, unsupported with facts, that counsel did not meet with the defendant often enough, or did not prepare for trial aggressively enough, do not provide a basis for a finding of ineffective assistance of counsel. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918 (citing *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988)).

In his final claims for postconviction relief, appellant contended in a conclusory fashion that he was denied a fair and impartial trial; denied representation by counsel, actually or constructively; and denied due process of law because counsel's failure to object denied him his rights under the Fifth Amendment and deprived him of life and liberty. Because there was no factual support for any of the allegations to demonstrate a specific failure on the part of counsel, there was no showing of ineffective assistance of counsel under the *Strickland* standard. *See Mathis v. State*, 2014 Ark. 148 (per curiam) (holding that conclusory allegations are insufficient to overcome the presumption that counsel is effective under *Strickland*).

Appeal dismissed; motion moot.

*Torrance Caery*, pro se appellant.

No response.