SLIP OPINION

Cite as 2014 Ark. 289

# SUPREME COURT OF ARKANSAS

No. CR-12-1044

| | |
|---|---|
| ANTONIO C. ROBINSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered June 19, 2014<br><br>PRO SE PETITION TO AMEND INFORMATION AND STAY OF PROCEEDINGS<br>[ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-10-91]<br><br>HONORABLE DON GLOVER, JUDGE<br><br><u>APPEAL DISMISSED; PETITION MOOT.</u> |

## PER CURIAM

In 2011, appellant Antonio C. Robinson entered a negotiated plea of guilty in the Ashley County Circuit Court to the charges of first-degree murder and possession of firearms by a certain person, and he was sentenced as a habitual offender to an aggregate term of 420 months' imprisonment. Appellant subsequently filed a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011), as well as an amended Rule 37.1 petition. Having considered the claims raised in both the original petition and the amended petition, the circuit court denied relief without a hearing,[1] and appellant timely lodged an appeal

---

[1] Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

of the order in this court.

Now before us is appellant's pro se petition to amend information and for stay of proceedings in which he seeks to amend the Rule 37.1 petition filed below by attaching copies of two statutes pertaining to the justification defense to murder. Appellant also seeks a stay of the appellate proceedings to allow the court to "vigorously examine and present, if available, potential claims of ineffective assistance." We need not consider the merits of the petition because it is clear from the face of the record that appellant could not prevail on appeal even if the petition were granted. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the petition is moot.

The burden is on the petitioner to prove his allegations for postconviction relief. *Heard v. State*, 2012 Ark. 67 (per curiam). We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

With the exception of claims that present an indirect attack on the judgment or that allege fundamental error relating to a separate sentencing proceeding, cognizable claims pursuant to Rule 37.1 where a defendant pleads guilty are limited to those asserting that the petitioner's plea was not entered intelligently and voluntarily upon advice of competent counsel. *Id.* (citing *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam)). We assess the effectiveness

SLIP OPINION

of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam). Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance so prejudiced the petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___; *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has entered a plea of guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. A petitioner who has entered a guilty plea normally will have considerable difficulty proving any prejudice, as the plea rests upon an admission in open court that the petitioner did the act charged. *Id.* A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Id.*

In the Rule 37.1 petition, appellant alleged that counsel was ineffective for the following reasons: counsel advised appellant that a guilty plea would be in his best interest and told appellant that he would receive concurrent sentences if he entered a plea of guilty to the charge of first-degree murder; counsel did not allow appellant to review any recordings or statements made by witnesses; counsel did not establish an attorney-client relationship with appellant; counsel refused to move for a change in venue; counsel refused to provide appellant with a copy of the discovery motion; counsel refused to argue that appellant's due-process rights were

SLIP OPINION

violated by law enforcement officers. Appellant also argued in a conclusory fashion that his plea was coerced because counsel told him that he would not receive a fair trial. In the amended petition, appellant asserted that, while awaiting trial, counsel informed him of a possible plea deal wherein appellant would receive twenty years' imprisonment for a guilty plea to second-degree murder but that appellant refused that offer because counsel assured him that he could get a better deal. Finally, appellant contended that counsel did not inform him that he could be sentenced as a habitual offender. Nowhere in the petition or amended petition does appellant allege that, but for counsel's ineffective assistance, he would not have entered the negotiated plea of guilty.

In its order denying relief, the circuit court found that appellant had entered the plea voluntarily and intelligently. The court further found that, at the plea hearing, appellant acknowledged that he was a habitual offender prior to entering the plea; stated that no other promises had been made to him other than what was recommended in his plea; acknowledged the sentencing ranges for the charged offenses and stated that he understood that he would be subjected to a possible sentence of life and forty years for the charges, respectively; and acknowledged that he understood that, because of his status as a habitual offender, he would be eligible for parole only after serving 70% of his sentence. The court also noted that appellant stated in open court that he had no complaints regarding counsel's performance.

The circuit court's findings are correctly reflected in the record. The record also reflects that appellant denied any coercion in entering the plea and stated that he believed that the State could meet its burden of proof on both charges if the case proceeded to trial, including the

habitual-offender enhancement. After the court announced appellant's sentence as 420 months' imprisonment for each charge to run concurrently, appellant stated that the sentence as entered reflected his understanding of the plea and that no other promises had been made to him.

Because the allegations raised by appellant in the petition and the amended petition were conclusory and failed to establish any correlation between the alleged ineffectiveness of counsel and appellant's decision to enter the plea, appellant failed to meet his burden of proving prejudice from any deficient performance on the part of trial counsel. *See Thompson v. State*, 2013 Ark. 179 (per curiam) ("Conclusory statements cannot be the basis of postconviction relief."). Accordingly, if permitted to proceed, appellant could not prevail on appeal as the circuit court's order is not clearly erroneous, and we therefore dismiss the appeal.

Appeal dismissed; petition moot.

*Antonio C. Robinson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.