SLIP OPINION



Cite as 2014 Ark. 474

# SUPREME COURT OF ARKANSAS

No. CR-13-752

|  |  |  |
|---|---|---|
| | | Opinion Delivered November 13, 2014 |
| PATRICK L. SHERMAN | | PRO SE APPEAL FROM THE |
| | APPELLANT | HOT SPRING COUNTY CIRCUIT COURT |
| V. | | [NO. 30CR-12-241, 30CR-12-286] |
| | | HONORABLE CHRIS E WILLIAMS, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

Appellant Patrick L. Sherman brings this appeal from two orders, both of which were entered in the Hot Spring County Circuit Court on June 10, 2013, that denied relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) in Case No. 30CR-12-241 and Case No. 30CR-12-286. In 2013, appellant entered a negotiated plea of guilty in Case No. 30CR-12-241 to fleeing on foot and possession of methamphetamine and to residential burglary and robbery in Case No. 30CR-12-286. He was sentenced as a habitual offender, who had been found guilty of three prior offenses, to an aggregate term of 144 months' imprisonment.

Subsequently, appellant timely filed in the trial court a verified, pro se petition and amended petition for postconviction relief under Rule 37.1 that encompassed both cases. An evidentiary hearing was held in which appellant indicated that he wished the court to deal with the amended petition filed April 23, 2013. Appellant's initial claim raised in the amended petition and argued in this appeal was that he was not afforded effective assistance of counsel

SLIP OPINION

when he entered his plea to the four offenses.[1]

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 173, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247 (per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251

---

[1]Any other issues raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

2

S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's claims for postconviction relief were limited to those asserting that his plea

was not entered intelligently and voluntarily upon advice of competent counsel. *Robinson v. State*, 2014 Ark. 289 (per curiam); *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam). By pleading guilty, appellant waived any claim that he was not guilty of the charges. *Robinson*, 2014 Ark. 289. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has entered a plea of guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Robinson*, 2014 Ark. 289 (citing *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1). A petitioner who has entered a guilty plea normally will have considerable difficulty proving any prejudice, as the plea rests upon an admission in open court that the petitioner did the act charged. *Scott*, 2012 Ark. 199, 406 S.W.3d 1. A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Robinson*, 2013 Ark. 289.

In his brief, appellant argues that his attorney was ineffective because she did not argue that he was illegally arrested. He further finds fault with counsel's failure to file a pretrial motion to suppress evidence pertaining to certain clothing and the "suspect methamphetamine substance" because the substance was not confirmed by scientific testing to be methamphetamine and because it was not found until after a secondary search of the area where he was arrested. Appellant asserts that he would not have entered a plea of guilty had counsel filed the motions to suppress, presumably because the motions would have resulted in suppression of the evidence seized. Appellant also alleges that counsel should have filed pretrial motions to declare his criminal history void on the ground that the facts of the prior cases would

show those judgments to be invalid and to reduce the charge of felony fleeing because the facts would not support a conviction for the offense. Appellant also contends that counsel should have attacked the sufficiency of the evidence to support the fleeing charge and also filed a motion for directed verdict inasmuch as the evidence was insufficient to sustain a conviction for burglary and robbery.

A review of the allegations of ineffective assistance of counsel contained in the petition and discussed at the evidentiary hearing reflects that the crux of most of appellant's assertions was that there was insufficient evidence to convict him of the four felonies to which he pleaded guilty. It is well settled that Rule 37.1 does not provide a means to challenge the sufficiency of the evidence merely because the petitioner has raised the challenge in the guise of an allegation of ineffective assistance of counsel. *Nickleson v. State*, 2013 Ark. 252 (per curiam) (citing *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam) (The trial court was correct to deny relief on a Rule 37.1 petition where the claims, while framed as allegations of ineffective assistance of counsel, were a challenge to the sufficiency of the evidence because such claims are a direct attack of the judgment and not cognizable under the Rule.).

The record of the guilty-plea hearing in Case No. 30CR-12-241 and Case No. 30CR-12-286 is a part of the record in this appeal. Appellant appeared with counsel and accepted a negotiated plea of guilty to the four felony charges, indicating in answer to the trial court's query that he was satisfied with counsel's representation. The court set out the facts underlying the charges, and appellant admitted that he was guilty of the offenses. As stated, by pleading guilty to the four offenses, appellant waived any claim that he was not guilty of the charges. *Moore v.*

*State*, 2014 Ark. 231 (per curiam). Appellant also admitted at the hearing that he was guilty of more than one and less than four prior offenses as alleged by the State as the basis for charging him as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a)(1) (Repl. 2011). The judgments were convictions in 1991 for residential burglary and theft of property and convictions in 1995 for battery and fleeing.

With respect to the claim that counsel should have challenged the validity of the 1991 and 1995 judgments for the prior offenses that resulted in appellant's being charged as a habitual offender, counsel testified at the hearing that she examined the prior judgments and found no ground on which to challenge those judgments. Appellant contends that a challenge would have been successful as he was placed in double jeopardy because his 1995 conviction for battery and the fleeing conviction contained a common element. The claim must fail because this court has already considered the issue of whether appellant was placed in double jeopardy when he was convicted of battery and fleeing and held that he was not. *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996). We noted in that decision that fleeing was a separate offense and was not to be considered a component offense with any other offense occurring simultaneously. Appellant did not show in his Rule 37.1 petition that there was any meritorious challenge to be made to the prior convictions from 1995.

As to the 1991 prior judgments, appellant contended the judgments were invalid because he was not represented by counsel. Appellant, however, offered no proof that he was not represented by counsel when he entered the plea in 1991 that counsel could have employed to

challenge the use of the 1991 judgment for burglary to establish that he was a habitual offender.[2]

Also, it should be noted that, if appellant intended to utilize the Rule 37.1 proceeding as a means to mount a direct challenge to the legality of the 1991 or 1995 judgments, a claim challenging the validity of a prior conviction is not cognizable in a postconviction proceeding as the argument could have been addressed in an appropriate challenge to the prior judgment when that judgment was entered. *See Ellis v. State*, 2014 Ark. 24 (per curiam). Rule 37.1 does not provide a means to retry a prior judgment.

To the degree that appellant's assertions of ineffective assistance of counsel could be said to go to whether the plea was entered with the effective assistance of counsel in his case, counsel testified at the Rule 37.1 hearing that she viewed the videotape of appellant's arrest and reviewed the information obtained in discovery and concluded that there was no valid basis on which to file a motion to suppress the evidence. When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Mitchell v. State*, 2012 Ark. 242). For that reason, appellant must demonstrate that a motion to suppress the evidence obtained when he was arrested would have had merit. *See Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294). Appellant's claims that he did not run a stop sign triggering the traffic stop that led to his fleeing and that the arresting officer

---

[2]Arkansas Code Annotated section 5-4-501(e)(1) (Repl. 2011) provides that, for the purpose of determining whether a defendant has previously been convicted or found guilty of two or more felonies, a conviction or finding of guilt of burglary, § 5-39-201, and of the felony that was the object of the burglary are considered a single felony conviction or finding of guilt.

SLIP OPINION

SLIP OPINION

must have planted the methamphetamine found near to where he was apprehended are simply his statements. There was no factual substantiation in the Rule 37.1 petition or proof presented at the hearing that the statements were true. The trial court was not required to accept appellant's statements at face value; allegations of ineffective assistance of counsel must be supported by facts sufficient to satisfy the *Strickland* standard for a finding that counsel was not functioning as the counsel guaranteed a defendant by the Sixth Amendment. *See Chunestudy v. State*, 2014 Ark. 345, 428 S.W.3d 923 (per curiam). Appellant did not meet that burden. Conclusory allegations cannot overcome the presumption that counsel is effective and are not grounds for postconviction relief. *Caery*, 2014 Ark. 247 (citing *Watson v. State*, 2012 Ark. 27 (per curiam)).

Appellant also argues in his brief that he was subjected to double jeopardy because he entered a plea of guilty in Case No. 30CR-12-286 to both residential burglary and robbery on the ground that the robbery was the underlying offense to the residential burglary. While a double-jeopardy claim is a fundamental claim that can be raised for the first time in a Rule 37.1 proceeding, *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000), appellant failed to establish an error in his case. Even fundamental claims must be supported by facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Green v. State*, 2013 Ark. 455 (per curiam); *see also Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam).

Appellant was charged by information with violating the residential-burglary statute, Arkansas Code Annotated section 5-39-201(a)(1) (Repl. 2006 & Supp. 2007). The statute

provides that a person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1); *see Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007). To "enter or remain unlawfully" means to enter or remain in or upon premises when not licensed or privileged to enter or remain in or upon the premises. Ark. Code Ann. § 5-39-101(2)(A); *see Young v. State*, 371 Ark. 393, 266 S.W.3d 744 (2007). Section 5-39-201 encompasses two separate and distinct elements, the first being the illegal entering of the residence and then, second, having the purpose to commit a felony in that residence. *See Holt v. State*, 2011 Ark. 391, 384 S.W.3d 498 (citing *Norton v. State,* 271 Ark. 451, 609 S.W.2d 1 (1980)).

The felony information charged appellant with robbery in violation of Arkansas Code Annotated section 5-12-102(a) (Repl. 2006 & Supp. 2007) for fighting the homeowner who was resisting the burglary. Pursuant to the statute, a person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102; *see Young*, 371 Ark. 393, 266 S.W.3d 744.

Appellant argues that because theft was the object of both the burglary and the robbery, he could not legally be found guilty of both offenses. The elements of the two offenses, however, were different in that robbery requires the use or threat of force. Appellant was legally found guilty of having committed burglary by entering the home to commit theft and legally

9

found guilty of robbery by subsequently using force against the homeowner. *See Kinsey v. State*, 290 Ark. 4, 716 S.W.2d 188 (1986) (holding under prior law that aggravated robbery is not a lesser-included offense of burglary, and a defendant can be convicted of both). Appellant did not establish that he was subjected to double jeopardy.

Finally, appellant, who was charged by felony information, asserts that he had an absolute right to be charged by a grand jury. The trial court did not err in declining to grant relief on the claim. This court has rejected the argument raised by appellant, which is essentially a challenge to the court's jurisdiction. *Smith v. State*, 2012 Ark. 311 (per curiam) (citing *Ruiz v. State*, 299 Ark. 144, 772 S.W.2d 297 (1989); *Ellingburg v. State*, 254 Ark. 199, 492 S.W.2d 904 (1973)). Section 1 of amendment 21 to the Arkansas Constitution provides that "All offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney." The allegation that the charging instrument was invalid in appellant's case was therefore without merit. *See McGrew v. State*, 338 Ark. 30, 991 S.W.2d 588 (1999) (Felonies must be charged by either grand jury indictment or by information filed by the prosecuting attorney.); *see also Archer v. Benton County Circuit Court*, 316 Ark. 477, 872 S.W.2d 397 (1994) (citing Ark. Const. art. 2, § 8; Ark. Const. amend. 21; *Long v. State*, 284 Ark. 21, 680 S.W.2d 686 (1984)).

After a review of the record and consideration of appellant's arguments, we find that the claims raised by appellant under Rule 37.1 and argued in this appeal are without merit, and the trial court did not err in denying postconviction relief. Accordingly, the orders are affirmed.

Affirmed.

*Patrick L. Sherman*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.