SLIP OPINION

Cite as 2015 Ark. 398

# SUPREME COURT OF ARKANSAS

No. CR-15-439

| | |
|---|---|
| DUANE JEFFERSON GONDER AND PEGGY GONDER | **Opinion Delivered** October 29, 2015 |
| APPELLANTS | |
| V. | PRO SE MOTION TO FILE A SUPPLEMENTAL NOTICE OF APPEAL [DREW COUNTY CIRCUIT COURT NO. 22CR-09-99] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE DON E. GLOVER, JUDGE |
| | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2010, appellant Duane Jefferson Gonder entered a plea of guilty to first-degree murder, aggravated assault, and furnishing prohibited articles. He was sentenced to an aggregate term of 552 months' imprisonment.

In 2014, Peggy Gonder, who identified herself as Duane Jefferson Gonder's mother, filed a pro se petition for writ of mandamus in the trial court in Mr. Gonder's criminal case. In the petition, Ms. Gonder contended that the State in her son's case had violated Act 1262 of 1997, codified at Arkansas Code Annotated section 16-90-1107 (1997), which sets out the duty of law enforcement agencies to provide, if applicable, a preprinted document that provides certain information to the victim of a crime. In particular, she asserted that the State had erred by not advising her of her rights and by not hearing her "victim-impact statement." Ms. Gonder alleged that she was a victim inasmuch as Mr. Gonder had pleaded guilty to

murdering her other son, Marcus Gonder. She argued that she was entitled to "exercise her feelings" when Mr. Gonder entered the plea and that Mr. Gonder "should have a choice to keep his plea or not." Ms. Gonder asked at the close of the mandamus petition that the trial court grant a hearing and order the State "to consider victim-impact statement and sentence recommendation."

On February 13, 2015, the trial court dismissed the petition for writ of mandamus on the grounds that the record showed that communication had existed between Ms. Gonder and the State and because mandamus would not lie to grant the relief sought. The trial court placed both Ms. Gonder's and Mr. Gonder's names on the order as parties to the mandamus petition,[1] and, on March 13, 2015, Mr. Gonder alone filed a notice of appeal from the February 13, 2015 order.

Mr. Gonder lodged the appeal from the order in this court, and he now seeks to supplement the notice of appeal with Ms. Gonder's name. We dismiss the appeal.

It is clear from the contents of Ms. Gonder's petition for writ of mandamus that the intent of her petition was to challenge the judgment of conviction entered against Mr. Gonder on his plea of guilty. Even if she were, indeed, a victim of one of the offenses to which Mr. Gonder pleaded guilty, Ms. Gonder offered nothing to demonstrate that she was a party to the criminal case and had standing to challenge the plea. If there were some cause of action to be brought by Ms. Gonder concerning her treatment as a victim, that cause was not within Mr.

---

[1] On March 9, 2015, Mr. Gonder filed a motion for reconsideration in the trial court asking to stay the matter for ninety days and stating that the remedy he desired to pursue was a writ of error coram nobis. After Mr. Gonder filed his notice of appeal, the court denied the motion.

SLIP OPINION

Gonder's criminal case to vacate the plea.

Moreover, the trial court was correct that mandamus as a remedy would not lie to grant the relief sought in the petition even if Mr. Gonder were considered a party to the mandamus action. For that reason, there is good cause to dismiss the appeal on the ground that Mr. Gonder could not prevail on appeal. The appeal is in essence an appeal from an order that denied a postconviction challenge to a judgment entered on a guilty plea. As such, it is an appeal that is subject to dismissal on the face of the record that establishes no ground on which the trial court could have properly granted relief. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed when the record reveals that the appellant could not succeed. *Justus v. State*, 2012 Ark. 91.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty by a public official. *Veverka v. Gibson*, 2013 Ark. 59, at 2-3. When seeking a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id*, at 3. Any claim that Mr. Gonder desired to raise to challenge his plea of guilty should have been raised by him in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010) because, when a defendant pleads guilty, he is limited to proceeding under the Rule to establish that his plea was not entered intelligently and voluntarily upon advice of competent counsel. *See Robinson v. State*, 2014 Ark. 289 (per curiam). A petition for writ of mandamus is not a substitute for a timely Rule 37.1 petition.

Appeal dismissed; motion moot.