FILED
United States Court of Appeals
Tenth Circuit

July 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTURO CERROS-GUTIERREZ, a/k/a
Arturo Cerros,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

      Respondent.

No. 18-9555
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Arturo Cerros-Gutierrez, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' (BIA) determination that he is removable because he

committed an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Exercising

jurisdiction under 8 U.S.C. § 1252(a)(1), (2)(D), we deny review.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

The United States admitted Mr. Cerros-Gutierrez as a lawful permanent resident in 1988. Ten years later, he pled guilty to residential burglary under Ark. Code Ann. § 5-39-201(a)(1) (1997). An Arkansas court sentenced him to five years in prison.[1] In 2005, Mr. Cerros-Gutierrez pled guilty to battery upon a peace officer under N.M. Stat. Ann. § 30-22-24.

The Department of Homeland Security ("DHS") commenced removal proceedings in 2017, alleging that these convictions support removal under 8 U.S.C. § 1227(a)(2)(A)(ii), (iii).[2] Those sections provide that if an alien commits two or more crimes involving moral turpitude, or commits an aggravated felony, the alien is deportable. Mr. Cerros-Gutierrez sought termination of the removal proceedings, arguing that his prior crimes (1) did not involve the moral turpitude required by § 1227(a)(2)(A)(ii), and (2) were not aggravated felonies within the meaning of § 1227(a)(2)(A)(iii).

The immigration judge (IJ) initially ruled in favor of Mr. Cerros-Gutierrez. But the IJ reconsidered his initial ruling and ordered removal based solely on his conclusion that Mr. Cerros-Gutierrez's Arkansas burglary was an aggravated felony

---

[1] The Arkansas court suspended imposition of the sentence for two years.

[2] The initial notice to appear sought removal under only § 1227(a)(2)(A)(iii) due to the Arkansas burglary conviction. DHS later added charges that sought removal under (1) § 1227(a)(2)(A)(ii) because Cerros-Gutierrez had allegedly been convicted of two crimes involving moral turpitude, and (2) § 1227(a)(2)(A)(iii) due to the New Mexico battery conviction.

under § 1227(a)(2)(A)(iii).  Mr. Cerros-Gutierrez appealed this decision to the BIA, which dismissed the appeal.

## II.  DISCUSSION

### A.  *Legal Background*

We review de novo the BIA's legal determination that Mr. Cerros-Gutierrez's burglary conviction qualifies as an aggravated felony.  *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009).

"The Immigration and Nationality Act (INA), 66 Stat. 163, 8 U.S.C. § 1101 *et seq*., provides that a noncitizen who has been convicted of an 'aggravated felony' may be deported from this country."  *Moncrieffe v. Holder*, 569 U.S. 184, 187 (2013).  The term "aggravated felony" includes a "burglary offense for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G).  "When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA."  *Moncrieffe*, 569 U.S. at 190.  "Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."  *Id*. (internal quotation marks omitted).

The generic federal definition of burglary is "'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a

3

crime.'" *United States v. Stitt*, 139 S. Ct. 399, 405–06 (2018) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

The Arkansas statute underlying Mr. Cerros-Gutierrez's conviction reads as follows: "A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201(a)(1) (1997).

## B. *Analysis*

Comparing the language of the Arkansas statute to the generic federal definition of burglary, we conclude the Arkansas statute categorically fits within the generic federal definition.

### 1. **Unlawful Entry**

Mr. Cerros-Gutierrez argues the Arkansas statute defines burglary more broadly than the generic federal definition because the statute does not require an illegal entry. He asserts the adverb "unlawfully" in § 5-39-201(a)(1) modifies only the verb "remains," and not the verb "enters," so a person could commit residential burglary by legally entering a residence with intent to commit a crime.

Mr. Cerros-Gutierrez's argument runs counter to Arkansas statutory and judicial authority. Arkansas Code Ann. § 5-39-101(4) (1997) states that the phrase "'[e]nter or remain unlawfully' means to enter or remain in or upon premises when not licensed or privileged to do so." And the Arkansas Supreme Court has confirmed that "Section 5-39-201 encompasses two separate and distinct elements, the first

4

being the *illegal* entering of the residence and then, second, having the purpose to commit a felony in that residence." *Sherman v. State*, 448 S.W.3d 704, 711 (Ark. 2014) (emphasis added).[3]  Mr. Cerros-Gutierrez's argument thus lacks merit.

2.  **Residential Occupiable Structure**

Mr. Cerros-Gutierrez argued to the IJ and to the BIA that § 5-39-201(a)(1) covers more conduct than the generic federal burglary definition due to its proscription of entry into "residential occupiable structure[s]."  He reasoned that because a "residential occupiable structure" is defined in Ark. Code Ann. § 5-39-101(1) (1997) to include a "vehicle," Arkansas' residential burglary statute goes beyond the generic federal definition's requirement that entry be into a "building" or "other structure."

Although Mr. Cerros-Gutierrez mentions this issue in his opening brief to this court, he states that the "Court can pass on this issue," noting that he raises it only "to preserve it for further appeal if necessary."  Pet'r Br. at 12.  He does not present an argument, so we do not address this issue.  *See United States v. Williamson*, 746 F.3d 987, 993 n.1 (10th Cir. 2014) ("We do not address arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (internal quotation

_____

[3] The *Sherman* court was interpreting the version of Ark. Code Ann. § 5-39-201(a)(1) that was in force in 2007.  That version differs slightly from the 1997 version at issue here, but the difference is not material.  The following shows the changes that the 2007 version made to the 1997 version:  "A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein in the residential occupiable structure any offense punishable by imprisonment."

5

marks omitted)); *Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived.").

In any event, the Supreme Court recently rejected the argument that Ark. Code Ann. § 5-39-201(a)(1) (1997) goes beyond the generic federal burglary definition just because it criminalizes unlawful entry into certain types of vehicles. *Stitt*, 139 S. Ct. at 407 ("[C]overage of vehicles designed or adapted for overnight use" does not "take[] the statute outside the generic burglary definition.").[4]

### III.  CONCLUSION

The petition for review is denied.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] The Court remanded the case for consideration of the appellant's argument that because § 5-39-201(a)(1) "might cover a car in which a homeless person occasionally sleeps," the "statute is too broad to count as generic burglary." *Id.* Cerros-Gutierrez did not make this argument to the IJ, to the BIA, or in his opening brief. Accordingly, we will not consider it. *See* 8 U.S.C. § 1252(d)(1); *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam) ("The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." (internal quotation marks omitted)).