DeAnthony Tyrone SMITH *v.* STATE of Arkansas

CR 96-1484                                    947 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered June 30, 1997

*Johnson & Richards, P.L.L.C.,* by: *B. Kenneth Johnson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant DeAnthony Tyrone Smith, who was on probation for burglary and theft, was arrested and charged with aggravated robbery and aggravated assault. Smith retained attorney Lori A. Mosby to defend him against the State's revocation petition and its felony charges. At a bench trial, on July 30, 1996, Smith was found guilty of the aggravated robbery and assault offenses and sentenced to twenty-six years, and was found in violation of his probation agreement, for which he was given thirty-six years.

After the trial court found Smith guilty, it asked the prosecuting attorney and Ms. Mosby if they had any evidence to present during the sentencing phase. Mosby said no. When the sentencing phase began, the trial court learned Mosby had left the courthouse, and Smith was left to represent himself. The trial judge proceeded to explain the sentences he intended to impose for each crime — aggravated robbery, aggravated assault, burglary, and theft — and at the State's urging, the trial judge had Smith sign the conviction judgments.[1]

After Smith signed the judgments, the trial court advised Smith of his right to appeal, and that if he could not afford an attorney, the court would appoint one. The trial court also informed Smith that he could file a claim of ineffective assistance of counsel. After completion of the sentencing phase, new counsel was appointed to represent Smith, and, on August 28, 1996, that counsel filed a timely notice of appeal from the July 30, 1996 convictions. On the same August 28 date, he filed a motion for a new trial, alleging (1) Ms. Mosby had failed to procure certain material witnesses to testify at trial, and (2) his speedy trial rights had been violated. No hearing was held or ruling obtained on Smith's new-trial motion, and no additional or second notice of appeal was filed by Smith after the thirty-day deemed-denied period expired, as is required in Rule 2(a)(3) of Appellate Procedure—Criminal and Rule 4(c) of Appellate Procedure—Civil.

In his appeal, Smith contends that, because his counsel failed to appear and represent him during the sentencing phase, the trial court violated his Sixth Amendment right by proceeding without defense counsel being present. Smith relies upon *Mempa v. Rhay*, 389 U.S. 128 (1967), and argues the time of sentencing is a critical stage in a criminal case and counsel's presence is necessary.

The State counters by urging that this Court lacks jurisdiction to consider Smith's claim, because the trial court never ruled on Smith's new-trial motion, and therefore Smith was required to file an additional or second notice of appeal after thirty days

---

[1] At the same time, the prosecutor described to the judge that he had understood Mosby was going to explain the conditions of suspended imposition of sentencing, but there is no indication that happened.

expired from the time of filing his motion. The State further argues Smith could not simply rely on the "deemed denied" time period in any event because a hearing was required to give the trial court an opportunity to explore the facts surrounding the ineffective assistance of counsel allegations contained in Smith's posttrial motion. *See Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996). The State is mistaken. Although Smith did not obtain a hearing on his ineffective assistance of counsel claim or file a second notice of appeal when his new-trial motion was deemed denied, Smith's appeal from the conviction judgment is authorized by Rule 2(b) of Appellate Procedure—Criminal. Rule 2(b) provides as follows:

> (b) Time for Filing. A notice of appeal is invalid if filed at any time prior to the day that the judgment or order appealed from is entered or prior to the day that a post-trial motion is deemed denied except as provided herein. If a notice of appeal is filed on the same day that the judgment or order appealed from is entered or on the day that a post-trial motion is deemed denied, the notice of appeal shall be effective. *A notice of appeal filed within thirty (30) days of entry of the judgment of conviction shall be effective to appeal the judgment, even if a post-trial motion is subsequently filed. If a post-trial motion is filed after the notice of appeal, it shall not be necessary, to preserve the appeal of the judgment of conviction, to file another notice of appeal of the judgment.* If an appellant wishes to appeal an adverse ruling on a post-trial motion and the appellant has previously filed a notice of appeal of the judgment, the appellant must file a notice of appeal regarding the ruling on the motion within the time provided in subpart (a)(2) or (3) hereof. (Emphasis added.)

As gleaned from the foregoing rule, Smith's notice of appeal dated August 28, 1996, was filed within the thirty-day period from which to appeal the trial court's July 30, 1996 conviction judgment and was effective to appeal that judgment even though Smith had also filed a new-trial motion. Further, we have held that the issue of denial of counsel must be raised on direct appeal or be waived. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996). The question remains, however, whether Smith preserved his Sixth Amendment or right-to-counsel issue in his direct

appeal of the July 30 judgment, since his appointed counsel never raised that constitutional issue below. We conclude that he has.

■    This court's decision in *Furr v. State*, 285 Ark. 45, 685 S.W.2d 149 (1985), is controlling. There, this court rejected the State's argument that Furr's failure to object to the lack of counsel at the trial level precluded such argument on appeal. The *Furr* court stated the following:

> The appellant's statutory rights are reinforced by the sixth amendment of the United States Constitution. The U.S. Supreme Court addressed the issue of right to counsel in *Mempa v. Rhay*, 389 U.S. 128 (1967) finding that counsel is required "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." The Court held that the time of sentencing is a critical stage in a criminal case and counsel's presence is necessary. *See* Annotation, *Parole or Probation Revocation*, 36 L.Ed. 2d 1077 § 23(a) p. 1117 (1974); Annotation, *Probation - Revocation - Right to Counsel*, 44 ALR3d 306 § 2 p. 311 (1972). The commentary after § 41-1209 [now Ark. Code Ann. § 5-4-310 in Ark. Crim. Code Ann., Original Commentary at 253-254 (1995)] cites *Mempa* for the proposition that indigent defendants are entitled to appointed counsel if sentencing is to follow revocation. *See also Hawkins v. State*, 251 Ark. 955, 475 S.W.2d 887 (1972).
>
> The right to counsel may be waived, but the waiver must be made knowingly, voluntarily, and intelligently. *Leak v. Graves & State*, 261 Ark. 619, 550 S.W.2d 179 (1977). Here the only potential evidence of waiver is the fact that appellant waived his right to counsel when he initially pled guilty. Almost one year passed between the appellant's plea of guilty and his revocation hearing. Obviously, it cannot be said that the waiver of counsel when the plea was entered constitutes an intelligent waiver to all further proceedings. Such a rule would circumvent the appellant's right to counsel during the most critical aspect of the criminal proceedings against him, revocation of his probation and sentencing nearly a year later.
>
> Under the circumstances of this case, the trial court had a duty to advise appellant, either by the service of notice of the revocation hearing, or in open court, of his right to be represented by counsel. When the court failed to do so it committed prejudicial error.

The circumstances in the present case are like the ones found in *Furr*. The trial court here never advised Smith that, during sentencing, he had a right to be represented by counsel. If for no other reason, counsel could ensure that Smith's convictions and sentences were not based on misinformation or a misreading of court records. *See Mempa*, 389 U.S. at 133.

In sum, the record reflects Smith was never informed that he had a right to counsel for the sentencing phase, or that he knowingly, voluntarily, and intelligently waived such right. Consequently, we reverse and remand this cause for resentencing.