204 S.W.3d 512 (2005)
S.S., a Juvenile, Appellant,
v.
STATE of Arkansas, Appellee.
No. 04-933.
Supreme Court of Arkansas.
March 3, 2005.
Doug Norwood and Susan Lusby, Rogers, for appellant.
Mike Beebe, Att'y Gen., by: David J. Davies, Ass't Att'y Gen., Little Rock, for appellee.
TOM GLAZE, Justice.
In a bench trial before the juvenile division of the Benton County Circuit Court, the judge found appellant S.S. guilty of possession of a controlled substance and placed him on probation. On appeal, S.S.'s *513 only point for reversal is that the trial judge violated S.S.'s Sixth Amendment right to counsel by refusing his attorney the right to make a closing argument. The State concedes that the trial judge erred and that this case should be remanded for a new trial. We agree.
After the State and S.S. rested their cases, the trial judge promptly found S.S. guilty. Taken by surprise, S.S.'s counsel immediately objected to the judge's pronouncement of guilt without first allowing defense counsel to give a closing statement. The trial judge told counsel that he did not need to hear a closing statement; nonetheless, defense counsel persisted, stating "Your Honor, may I  Your Honor, I want to object. [S.S.] has a constitutional right to make a closing argument." When asked where he found authority in the Constitution for his objection, defense counsel replied that he believed it was under the Sixth Amendment and in Article II, Section 10, of the Arkansas Constitution. The judge responded, "I don't believe so," and proceeded to place S.S. on supervised probation.
This court, in Brenneman v. State, 264 Ark. 460, 573 S.W.2d 47 (1978), cert. denied, 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299(1979), has held that an accused has no constitutional right to have oral argument by counsel at the conclusion of an evidentiary hearing on a motion to suppress evidence. Also, in Lamar v. State, 347 Ark. 846, 68 S.W.3d 294 (2002), we held that an accused has no constitutional right to make an opening statement. However, the question of whether an accused in Arkansas has a constitutional right to make a closing argument has yet to be addressed.
The Supreme Court has addressed this issue now before us and held that a criminal defendant has a constitutional right to present a closing argument, even in a non-jury trial. See Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). In Herring, the court struck down a state statute which gave a circuit judge the power to deny closing argument to a defendant in a non-jury trial. The Herring court reasoned that the Sixth Amendment right to the assistance of counsel ensures the criminal defense "the opportunity to participate fully and fairly in the adversary factfinding process." Id. at 858, 95 S.Ct. 2550. Justice Stewart, writing for the Court, stated the following:
It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.
Id. 422 U.S. at 862, 95 S.Ct. 2550. The Court also noted that "the counsel for the defense has a right to make a closing argument . . ., no matter how strong the case for the prosecution may appear to the presiding judge." Id. at 858-859, 95 S.Ct. 2550. Furthermore, a judge's belief that he or she would not benefit from closing argument is not a constitutionally sufficient reason for denying any summation at all. Id. at 863, 95 S.Ct. 2550. Finally, the court recognized that the right existed regardless of whether it was a bench trial or a jury trial. Id.
Although decided before Herring, the Supreme Court specifically addressed a juvenile's due process rights in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The Gault court observed that, *514 regarding the right to counsel, no material difference exists between adult criminal proceedings and juvenile proceedings in which adjudication of delinquency is sought. Id. at 36, 87 S.Ct. 1428. Therefore, the Supreme Court held that the assistance of counsel is essential for the determination of delinquency. Id.
So too, we find that a criminal defendant, either juvenile or adult, in a jury or bench trial, has a fundamental right to make a closing argument. Such a fundamental right is extended to a defendant in a state criminal prosecution through the Fourteenth Amendment. Also, as the State further points out, when a defendant has been denied the right to make a closing argument, there is no way to know whether an appropriate argument in summation may have affected the ultimate judgment in his case; thus, the trial judge's decision cannot be considered harmless.
For the above reasons, we reverse and remand; however, because S.S. fails to present any convincing reason or argument why the trial judge cannot be fair on remand, we deny his request for a new trial before a different judge.
REVERSED and REMANDED.