SLIP OPINION

Cite as 2014 Ark. 321

# SUPREME COURT OF ARKANSAS

No. CR-13-28

| | |
|---|---|
| SAM EDWARD THURMOND, SR.<br>APPELLANT | **Opinion Delivered** July 31, 2014 |
| V. | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-11-318] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | AFFIRMED. |

**PER CURIAM**

Appellant Sam Edward Thurmond, Sr., entered a negotiated plea of guilty to a charge of theft of property in the Faulkner County Circuit Court and received a sentence of 120 days' imprisonment in the county jail and 60 months' probation. Appellant filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2013). The trial court held a hearing on May 21, 2012, addressing both the Rule 37.1 petition and a petition for probation revocation filed by the State on May 2, 2012. At the hearing, appellant stipulated that he had violated the terms of his probation. In an order filed on May 21, 2012, the trial court revoked appellant's probation, imposing 360 additional days in the county jail and additional probation time. It also denied the Rule 37.1 petition in an order entered June 1, 2012, and this court dismissed appellant's appeal of that order. *Thurmond v. State*, 2014 Ark. 176 (per curiam).

On June 18, 2012, appellant filed a petition to correct an illegal sentence in which he

SLIP OPINION

alleged that his sentence on revocation was imposed in an illegal manner. Appellant appeals the order denying that petition. We hold that appellant failed to allege a meritorious claim in the petition and affirm the order denying relief.

We first note that the State asserts that appellant failed to provide an adequate record on appeal. However, we also note that the majority of the items that the State contends are missing are contained in the record from appellant's Rule 37.1 proceedings. This court may take judicial notice of the record in that case, without need to supplement. *See Davis v. State*, 2013 Ark. 118 (per curiam); *see also Rice v. State*, 2013 Ark. 167 (per curiam); *Low v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam). The plea agreement for the revocation is not included in either record, but, as discussed below, it is not pertinent to our resolution of the single issue appellant raises on appeal.[1]

As he did in his petition to correct an illegal sentence, appellant alleges on appeal that adjudication of the State's petition to revoke was barred by the prohibition against double jeopardy because he had already been incarcerated under an Act 570 Jail Letter signed by his probation officer. The trial court found that the sanction under Act 570 was administrative, that it was intended to supplement the revocation proceedings, and that appellant's argument that there was a double-jeopardy violation was without merit.

Act 570 of the 2011 Acts of Arkansas authorizes the Department of Community Correction to sanction probationers administratively for probation violations without utilizing

---

[1]Appellant raised an issue during the proceedings in the trial court that alleged that the statutes cited in the warrant for arrest had been repealed. Appellant does not contest the court's ruling on that issue, and the argument is therefore abandoned. *See Ferrell v. State*, 2014 Ark. 242 (per curiam).

the revocation process under Arkansas Code Annotated section 16-93-307. Ark. Code Ann. § 16-93-306(d)(1) (Supp. 2013). The Jail Letter in this case imposed one of the listed possible immediate sanctions under section 16-93-306(d)(3), subjecting appellant to incarceration in the county jail for seven days. Appellant contends that his incarceration under authority of the Jail Letter and the sentence that was imposed following the revocation proceedings were both punishments for the same conduct. He argues that a double-jeopardy violation therefore occurred when the second punishment was imposed.

Only criminal proceedings invoke double-jeopardy issues. *Hudson v. United States*, 522 U.S. 93 (1997) (recognizing that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could in common parlance be described as punishment); *see also United States v. Comstock*, 560 U.S. 126 (2010); *United States v. Dinitz*, 424 U.S. 600 (1976) (noting that the Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense). Remedial civil sanctions, as opposed to criminal penalties, do not invoke double jeopardy. *See Pyron v. State*, 330 Ark. 88, 953 S.W.2d 874 (1997).

This court has held that revocation of probation is not a stage of a criminal prosecution. *Lee v. State*, 2010 Ark. 261 (per curiam) (citing *Pyland v. State*, 302 Ark. 444, 790 S.W.2d 178 (1990), in turn citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). Revocation proceedings do not raise a risk of the deprivation of an absolute liberty so as to invoke double-jeopardy concerns. *See Scarpelli*, 411 U.S. 778; *see also Murphy v. State*, 2013 Ark. 155 (per curiam) (citing *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam) ( holding that appellant's revocation

proceedings did not impose a sentence for purposes of raising a double-jeopardy violation)).

We need not consider appellant's claim concerning whether the detention imposed under section 16-93-306 was, despite the legislature's designation of it as an administrative sanction, a criminal punishment. Our precedent is clear that no criminal punishment was imposed during the revocation proceedings. Appellant therefore failed to allege an adequate basis for multiple criminal punishments in violation of the prohibition against double jeopardy because he did not demonstrate that the revocation proceedings could have imposed a punishment that might place appellant in jeopardy a second time for the conduct alleged to violate his probation conditions. Appellant has not demonstrated error in the trial court's denial of relief under the statute.

Affirmed.

*Sam Edward Thurmond, Sr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.