Cite as 2020 Ark. 307

# SUPREME COURT OF ARKANSAS

No. CR-19-421

| | | |
|---|---|---|
| ROBERT WOODWARD | | **Opinion Delivered** October 8, 2020 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CR-17-77] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE QUINCEY ROSS, JUDGE |
| | | <u>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD</u>. |

**KAREN R. BAKER, Associate Justice**

On February 1, 2019, two pleadings were filed in appellant Robert Woodward's criminal case in which he appears to have pleaded guilty to second-degree escape and theft of property. The circuit court dismissed both pleadings: a motion to vacate an illegal sentence in which Woodward challenged the judgment reflecting his escape conviction, and what appears to be a civil complaint in which Woodward named several individuals as defendants and sought injunctive relief and damages, contending an ongoing violation of the Interstate Agreement on Detainers (IAD). The circuit court dismissed both pleadings in an order filed February 25, 2019, and Woodward appeals the order only as it pertains to the dismissal of his motion to vacate an illegal sentence. Because we are unable to address the merits, we remand to settle and supplement the record.

We will not reverse the trial court's findings granting or denying postconviction relief absent clear error. *Marshall v. State*, 2020 Ark. 66, 594 S.W.3d 78. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the totality of the evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* The time requirements in Arkansas Rule of Criminal Procedure 37.2(c) (2019) are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not consider the merits of the petition and grant postconviction relief. *Reynolds v. State*, 2019 Ark. 144, 572 S.W.3d 869.

Below, the State filed a motion to dismiss both pleadings—the motion to vacate and the civil complaint—and alleged that the motion to vacate was subject to the time limitations pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019) and that to be timely, the petition had to be filed within ninety days after Woodward entered his guilty plea to the escape charges on September 19, 2018.[1] The circuit court found that the "post-conviction petition" was untimely and that it failed to state facts entitling Woodward to relief. Woodward filed his notice of appeal before the order was entered, noting that a decision had been announced in open court.

On appeal, Woodward reiterates his arguments from the motion to vacate, and he further alleges that the circuit court misconstrued his claims for relief and would not permit him to explain those claims during the hearing on the motion to vacate an illegal sentence.

---

[1]The ninetieth day from that date was Wednesday, December 18, 2018.

Woodward does not appear to contest that the motion to vacate should be treated as a petition under Rule 37.1, but he alleges that the motion was not untimely. Woodward alleges that he mailed an initial motion to vacate in late November or early December 2018 at the same time as the "civil complaint." However, because he received no response or a file-marked copy, Woodward mailed what he contends was a substantially identical copy of the motion to vacate on January 9, 2019. The previously mailed civil complaint was filed on February 1, 2019.

In support of his claim that he previously submitted a timely motion to vacate along with the civil pleading filed on February 1, 2019, Woodward would have this court take notice of a copy of the State's response to a motion to vacate sentence—bearing a January 16, 2019 file-mark—that is not included in the record on appeal. However, Woodward referred to the State's response in the notice of appeal that is a part of the record. The notice of appeal, which was filed on February 8, 2019, also refers to a hearing on February 4, 2019, during which he claimed he received the State's motion to dismiss. The court's order dismissing Woodward's motion as an untimely postconviction petition states that the cause was before the court on February 4, 2019, and was dismissed "upon argument of the parties, and premises considered[.]" There is no hearing transcript in the record on appeal. In further support of his claim that he mailed the motion to vacate in a timely manner, Woodward points to a notation on the "civil complaint" filed on February 1, 2019, that indicates it was received on December 3, 2018, as it bears a received-mark stamp, and it is a part of the record.

Jurisdiction is a matter that we are obligated to raise on our own motion. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. Had a Rule 37.1 postconviction petition been received at the same time the "civil complaint" appears to have been received, and through some error of the clerk was not filed, Woodward's petition would have been timely. *See* Ark. R. Crim. P. 37.2 (c)(i) (If a conviction was obtained on a plea of guilty, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety days of the date of entry of judgment.). Because of the gaps and inconsistencies in the record, we are not able to determine whether we have authority over this matter on appeal. We therefore remand this matter to settle the record. The circuit court is to hold a hearing to settle the record, to the extent possible, and enter an order that provides findings regarding (1) whether a motion to vacate was received prior to the motion to vacate filed on February 1, 2019; (2) what initiated the State's response to the motion to vacate filed on January 16, 2019, if such a response was filed; (3) the delay in filing the associated "civil complaint" and whether it was accompanied by any other pleading; and (4) when the February 1, 2019, motion to vacate was received prior to its filing. Finally, if a hearing was held on February 4, 2019, the court shall provide the transcript. The supplemental record, including the transcript of any hearing conducted, is to be returned within sixty days of this order.

Remanded to settle and supplement the record.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** After pleading guilty to charges arising from a prison escape, Robert Woodward moved to vacate his sentence based on alleged

4

violations of double jeopardy and the Interstate Agreement on Detainers (IAD). Even assuming Woodward's motion was timely filed, he cannot prevail on these claims. Despite this inescapable conclusion, the majority needlessly remands this case to settle the record on the issue of timeliness. Rather than order a futile remand, we should dismiss this appeal on the current record.

An appeal from the denial of postconviction relief will not be permitted to go forward when the petitioner clearly cannot prevail. *See Engstrom v. State*, 2016 Ark. 45, at 2, 481 S.W.3d 435, 437–38 (per curiam); *Jenkins v. State*, 2017 Ark. 288, at 1–2, 529 S.W.3d 236, 237. Dismissal is appropriate when it is evident from the record that the petitioner cannot succeed on appeal. *Id.* The majority correctly points out that the record fails to establish the timeliness of Woodward's motion. It also appears that a hearing transcript was not included in the record–though it was not designated in the notice of appeal. Despite these deficiencies, it remains abundantly clear that Woodward cannot prevail on this appeal.

While serving a sentence for fleeing in June 2017, Woodward escaped from the Delta Regional Unit of the Arkansas Department of Correction (ADC). He was eventually apprehended and incarcerated in North Carolina. In 2018, Arkansas sought to "borrow" Woodward under the IAD so it could prosecute him for the escape. He waived extradition and was shipped back to Arkansas to stand trial for second degree escape and a related theft of property charge. While in Arkansas, Woodward was housed in Varner Supermax. On September 19, 2018, he pled guilty to both charges and was sentenced to two concurrent

forty-year terms as a habitual offender. He has since been returned to North Carolina, where he remains incarcerated in that state's penitentiary.[1]

In the underlying motion to vacate, Woodward argued that his confinement in Varner Supermax violated the IAD and amounted to a criminal sanction that barred further punishment under the Double Jeopardy Clause. Because the motion collaterally attacked the judgment, it was correctly treated as a petition for postconviction relief under Rule 37.1. *See Millsap v. Kelley*, 2016 Ark. 406, at 2–4 (per curiam). Claims that challenge a guilty plea under Rule 37.1 are generally limited to those alleging that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *See Engstrom*, 2016 Ark. at 2, 481 S.W.3d at 438. Double jeopardy claims may also be raised under Rule 37.1 to determine whether the judgment was void because it violated a fundamental constitutional right. *See Tornavacca v. State*, 2012 Ark. 224, at 12, 408 S.W.3d 727, 736.

Woodward's claim that his confinement in Varner Supermax violated the IAD falls outside the scope of cognizable claims. Moreover, we have recognized that the IAD "amounts to nothing more than a statutory set of procedural rules which clearly does not raise it to the level of constitutionally guaranteed rights." *Finley v. State*, 295 Ark. 357, 363, 748 S.W.2d 643, 646 (1988) (citing *Camp v. United States*, 587 F.2d 397, 400 (8th Cir. 1978)); *see also Baxter v. United States*, 966 F.2d 387, 389 (8th Cir.1992) (IAD violations are non-

---

[1]Woodward was returned to North Carolina in March 2019. *See Woodward v. Kelley*, Case No. 5:19-cv-258, 2020 WL 5754009 (E.D. Ark. Aug. 28, 2020) (slip copy).

jurisdictional defects waived by a valid guilty plea). Woodward simply cannot prevail on this point.

All that remains is Woodward's double jeopardy claim. He argues that ADC officials' decision to house him in Varner Supermax was punishment for his 2017 escape. He further claims it constituted a sanction so severe that it transformed into a criminal penalty. According to Woodward, the double jeopardy guarantee against multiple punishments bars any further punishment for the escape and theft convictions. While a double jeopardy claim is a fundamental claim that can be raised in Rule 37.1 proceedings, Woodward failed to show any error in this case. Even fundamental claims must be supported by facts to demonstrate that a fundamental right was denied under the facts of the case. *See Sherman v. State*, 2014 Ark. 474, at 8, 448 S.W.3d 704, 711.

Only criminal proceedings invoke double jeopardy concerns. *See Thurmond v. State*, 2014 Ark. 321, at 3, 442 S.W.3d 832, 833 (citing *Hudson v. United States*, 522 U.S. 93 (1997)). It is well settled that double jeopardy protections are not triggered by prison disciplinary sanctions. *See Wolff v. McDonnell*, 418 U.S. 539, 567 (1974). Indeed, the federal courts of appeal agree that the double jeopardy clause "was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct." *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (collecting cases); *United States v. Bloom*, 165 Fed. App'x 565, 567 (9th Cir. 2006) (mem) (double jeopardy not violated by escape conviction because prison disciplinary actions taken in response to escape were part of punishment for original conviction); *United States v.*

7

*Buck*, 786 Fed. App'x 469, 470 (5th Cir. 2019) (mem) (prison disciplinary sanctions do not bar subsequent criminal prosecution). Following this line of analysis, two federal district court judges swiftly rejected Woodward's double jeopardy claims. *See Woodward v. Kelley*, Case No. 5:19-cv-23, 2019 WL 1030551, at 4 (E.D. Ark. Feb. 14, 2019); *Woodward v. Kelley*, Case No. 5:19-cv-25, 2019 WL 1051195, at 2 (E.D. Ark. Feb. 15, 2019). It is evident that Woodward's confinement in Varner Supermax did not trigger double jeopardy concerns. His assertions otherwise clearly will not prevail on appeal.

Because Woodward clearly cannot succeed, I would dismiss this appeal.

*Robert Woodward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.