Cite as 2021 Ark. 101

# SUPREME COURT OF ARKANSAS
**No.** CR-19-421

|  |  |  |
|---|---|---|
| ROBERT WOODWARD | | **Opinion Delivered** May 6, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT |
| V. | | [NO. 09CR-17-77] |
| STATE OF ARKANSAS | | HONORABLE QUINCEY ROSS, |
| | APPELLEE | JUDGE |
| | | <u>REMANDED FOR FINDINGS OF FACT TO SETTLE AND SUPPLEMENT THE RECORD</u>. |

**KAREN R. BAKER, Associate Justice**

On February 25, 2019, the circuit court dismissed two pleadings filed in Robert Woodward's criminal case: (1) a motion to vacate an illegal sentence in which Woodward challenged the judgment reflecting his escape conviction and (2) what appears to be a civil complaint—in which Woodward named several individuals as defendants—seeking injunctive relief and damages and contending that there is an ongoing violation of the Interstate Agreement on Detainers. Woodward appears to appeal the order only as it pertains to the dismissal of his motion to vacate an illegal sentence filed on February 1, 2019. The matter was remanded to settle and supplement the record because we were unable to address the merits. *Woodward v. State*, 2020 Ark. 307, 608 S.W.3d 580.

On remand, the circuit court was instructed to hold a hearing to settle the record and "enter an order that provides findings" regarding (1) whether a motion to vacate was

received prior to the motion to vacate filed on February 1, 2019; (2) what initiated the State's response to the motion to vacate filed on January 16, 2019, if such a response was filed; (3) the delay in filing the associated "civil complaint" and whether it was accompanied by any other pleading; and (4) when the February 1 motion to vacate was received prior to its filing. *Id*. at 4, 608 S.W.3d at 582. Two separate volumes of a supplemental record were lodged with this court's clerk on December 3, 2020—one includes a hearing transcript from February 4, 2019, and the other includes a hearing transcript from November 17, 2020. However, no order with findings from the circuit court has been filed in this court and made a part of the record on appeal.

If an appellate court remands a matter with specific instructions, those instructions must be followed exactly to ensure that the lower court's decision is in accord with that of the appellate court. *Whiteside v. State*, 2019 Ark. 349, 588 S.W.3d 720. Because the matter was remanded to the circuit court to make findings regarding the gaps and inconsistencies in the record, which affects this court's ability to determine whether it has authority over this matter on appeal, it is incumbent on the circuit court to ensure that this court receives the supplemental record as per its directives. The supplemental record, including any order that provides findings by the circuit court, is to be returned within thirty days.

Remanded for findings of fact to settle and supplement the record.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Once again, the majority needlessly remands this case to settle and supplement the record to clarify the timing of Woodward's motion. As I previously explained, even if the motion was timely filed, the record before us

2

clearly shows that Woodward cannot prevail. *See Woodward v. State*, 2020 Ark. 307, at 6–8, 608 S.W.3d 580, 583–84 (Womack, J., dissenting). Rather than further prolong this futile appeal, I would dismiss it at this time.

*Robert Woodward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.