Cite as 2021 Ark. App. 368

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–20–537

| | | |
|---|---|---|
| | | **Opinion Delivered**  September 29, 2021 |
| GARRET E. NICHOLS | | APPEAL FROM THE BENTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 04CR–18–635] |
| V. | | |
| | | HONORABLE ROBIN F. GREEN, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Garret Nichols appeals the sentencing order filed by the Benton County Circuit Court revoking his probation in five cases and sentencing him to serve an aggregate of 480 months' imprisonment in the Arkansas Department of Correction and an aggregate of 120 months' suspended imposition of sentence (SIS). On appeal, appellant argues that (1) the circuit court denied him his right to counsel when he was not afforded the opportunity to make a closing argument before revoking his probation, and (2) the circuit court's actions at sentencing deprived him of his right to counsel at a critical stage in the proceeding. We affirm.

## I. *Relevant Facts*

On November 25, 2019, appellant pleaded guilty to the following offenses in five separate cases: residential burglary and theft of property in case number 04CR–16–421; possession of a controlled substance and possession of drug paraphernalia in case number

04CR-16-1182; possession of drug paraphernalia in case number 04CR-17-1654; possession of a controlled substance with purpose to deliver, possession of drug paraphernalia, and possession of a counterfeit substance with purpose to deliver in case number 04CR-17-2416; and third-degree domestic battering in case number 04CR-18-0635. According to his sentencing order filed on December 4, 2019, appellant was sentenced to an aggregate term of 72 months' probation and was ordered to complete Benton County Drug Court. Under the relevant terms and conditions of his probation, appellant could "not commit a criminal offense punishable by imprisonment," could "not drink or possess intoxicating or alcoholic beverages," and "must report as directed to a supervising officer."

The State filed a petition for revocation of suspension or probation on January 9, 2020, and an amended petition for revocation of suspension or probation on January 28, 2020. In the amended petition, the State alleged that appellant had violated the following conditions of his probation:

1) Failed to complete Benton County Drug Court as ordered.

2) On or about December 18, 2019, the Defendant committed the offense of Domestic Battering in the Second Degree, in Benton County, Arkansas.

3) Failed to report to the Probation Office for intake.

4) Was intoxicated on or between December 16, 2019 and December 18, 2019.

5) Violated the No Contact Order, served on December 20, 2019, by repeatedly contacting the protected party, Afton Eugene Nichols.

A revocation hearing was held on February 7, 2020, and appellant was represented by counsel during the proceedings.

2

Because appellant does not contest the sufficiency of the evidence, only a brief recitation of facts is necessary. At the beginning of the revocation hearing, appellant openly admitted that he had been intoxicated between December 16 and 18, 2019, and that he had violated the no-contact order. However, he argued that the allegations contained in the petition that he failed to complete drug court as ordered and failed to report to the probation office for intake should be found to be inapplicable for legal reasons. The circuit court reserved ruling on those legal arguments and heard further testimony regarding all the allegations alleged in the amended petition.

Officer David Guarno, another probation officer, testified that he had left a note on appellant's door on December 16, 2019, at the direction of appellant's probation officer, asking appellant to call the probation office to schedule his probation intake. Officer Guarno stated that appellant had called the office later that day confused as to why he needed to report for intake. Appellant indicated over the phone that he thought he did not need to report to probation yet because he was scheduled to start drug court at the end of the week. Officer Guarno testified that he instructed appellant to report "ASAP" and that everything would be "squared away" when he reported. However, Officer Guarno stated that appellant never reported to the probation office for intake.

Officer Matthew Jenkins, appellant's probation officer, testified that he made contact with appellant and his girlfriend on December 17, 2019. Officer Jenkins stated that appellant appeared "highly intoxicated" and that appellant admitted to him that he was "smoking marijuana, drinking[,]" and "having fun before he went to drug court." Officer Jenkins testified that he had asked appellant to report to the probation office for intake the following

3

day, but he did not. Instead, the next day, Officer Jenkins received a telephone call from the Springdale Police Department, advising him that an officer was responding to appellant's residence on a domestic-disturbance call involving his father, Afton Eugene Nichols (Mr. Nichols). Officer Jenkins testified that when he arrived at appellant's residence, Mr. Nichols's "face was very bloody" with one eye "swollen shut." Officer Jenkins explained that he did not believe that Mr. Nichols's story that he "slipped on a rug" was credible in light of his experience with domestic-violence victims. Instead, he believed the injuries were more consistent with "a right-handed strike to the face."

Officers Mark McCann and Gene Johnson testified that they are employed by the Springdale Police Department and also responded to the domestic-disturbance call at appellant's residence. Both testified that Mr. Nichols's injuries were consistent with having been punched even though Mr. Nichols claimed that he tripped and fell, hitting the baseboard. Officer Johnson testified that Mr. Nichols told him that he was scared of appellant because he was afraid that appellant would hurt him when he was released from jail. Body-camera footage from the officers was admitted into evidence and played for the court.

Mr. Nichols admitted that appellant acted violently sometimes when he drank. Mr. Nichols testified that, on December 17, 2019, he fell and hit his face on the door jam in the bathroom. Although he admitted that he told his girlfriend, Debra Mertz, that appellant had hit him, he claimed that he had lied to her in order to gain sympathy. Mr. Nichols acknowledged that he knew appellant was not allowed to contact him because

4

of a no-contact order; however, he also stated that he would not be surprised if the jail's phone records showed that appellant had called him 128 times while he was in jail.

After the State rested its case in chief, the court instructed appellant's counsel to call his witnesses. Counsel for appellant called Mr. Nichols, appellant's father. Counsel apparently decided that the testimony of Mr. Nichols would not affect the disposition of the revocation charges and advised the court that he had changed his mind and was not going to call the witness. After a dialogue with the court concerning the witness, appellant's counsel then stated: "We rest at this time, your Honor." After both sides rested, the circuit court immediately began rendering its oral decisions from the bench.

After recounting that appellant had admitted violating his probation and referencing some of the evidence presented, the circuit court found that appellant had violated the conditions of his probation by committing a new offense, failing to report to his probation officer for intake, being intoxicated, and violating a no-contact order. It revoked his probation in all five cases and then sentenced appellant. The circuit court sentenced appellant to serve 240 months' imprisonment for residential burglary in case number 04CR-16-421 and 240 months' imprisonment for possession of a controlled substance with purpose to deliver in case number 04CR-17-2416, with these sentences to run consecutively to each other. Appellant was also sentenced to 12 months' SIS for theft of property in case number 04CR-16-421 and for third-degree domestic battering in case number 04CR-18-0635; 72 months' SIS for possession of a controlled substance and possession of drug paraphernalia in case number 04CR-16-1182, possession of drug paraphernalia in case number 04CR-17-1654, and possession of drug paraphernalia in case number 04CR-17-2416; and 120 months'

SIS for possession of a counterfeit substance with purpose to deliver in case number 04CR–17–2416.

After finding appellant had violated the conditions of his probation and imposing the sentences, the circuit court inquired as to whether there were any other issues he needed to address. The attorneys for the parties discussed discovery in a separate pending criminal case involving the appellant. While discussing the discovery issue, counsel for appellant returned to the matter at hand—the current revocation case—and stated the following: "to the revocation we would like to, just for purposes of getting it on the record, assert that it should be a bifurcated hearing and we should have been entitled, after a finding of allegations, to make arguments as to appropriate sentencing." However, the circuit court simply said, "All right," and the discussion regarding appellant's other pending criminal case continued. This appeal followed.

## II. *Closing Argument for Violation of Probation*

Citing *Herring v. New York*, 422 U.S. 853 (1975), and *S.S. v. State*, 361 Ark. 42, 45, 204 S.W.3d 512, 514 (2005), appellant argues in his first point on appeal that the circuit court denied him his right to counsel when he was not afforded the opportunity to make a closing argument after both parties rested but before revoking his probation. In *Herring*, counsel for the defense was denied the request to make a closing argument after a criminal bench trial on the basis that a statute gave the trial court the discretion to entertain such a request. *Herring*, *supra*. The United States Supreme Court stated that "the right to the assistance of counsel has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the

6

adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments." *Id.* at 857. Thus, the right "ensures to the defense in a criminal trial the opportunity to participate fully and fairly in the adversary factfinding process." *Id.* at 858. Therefore, the Court struck down the state statute that gave a circuit court the power to deny closing argument to a defendant in a nonjury trial and instead held that a criminal defendant has a constitutional right to present a closing argument, even in a nonjury trial. *Id.* The Court, however, clarified that it was not holding that closing arguments in a criminal case must be uncontrolled or even unrestrained and that the presiding judge must be given great latitude in controlling the duration and limiting the scope of closing arguments. *Id.* It further held in that case that there could be no way to know whether defense counsel's closing arguments would have affected the ultimate judgment because any credibility determinations were solely for the trier of fact. *Id.*

Citing *Herring*, our supreme court held that a criminal defendant, either juvenile or adult, in a jury or bench trial, has a fundamental right to make a closing argument. *S.S.*, 361 Ark. 42, 204 S.W.3d 512. In *S.S.*, the circuit court found S.S. guilty promptly after the parties rested their case. *Id.* "Taken by surprise, S.S.'s counsel *immediately objected* to the judge's pronouncement of guilt without first allowing defense counsel to give a closing statement." *Id.* at 44, 204 S.W.3d at 513 (emphasis added). However, the circuit court overruled counsel's objection and argument that he had a constitutional right to make a closing argument and instead proceeded to place S.S. on supervised probation. *Id.* On appeal, our supreme court held the following:

> So too, we find that a criminal defendant, either juvenile or adult, in a jury or bench trial, has a fundamental right to make a closing argument. Such a fundamental right

7

is *extended to a defendant in a state criminal prosecution* through the Fourteenth Amendment. Also, as the State further points out, when a defendant has been denied the right to make a closing argument, there is no way to know whether an appropriate argument in summation may have affected the ultimate judgment in his case; thus, the trial judge's decision cannot be considered harmless.

*Id.* at 45, 204 S.W.3d at 514 (emphasis added).

Our supreme court has also recognized that the right recognized in *Herring*, however, does not require that oral argument be permitted at any stage of a trial except at the conclusion of the evidence, just before the case is submitted for judgment. *See Brenneman v. State*, 264 Ark. 460, 573 S.W.2d 47 (1978), *cert. denied*, 442 U.S. 931 (1979). In *Brenneman*, our supreme court held that an accused has no constitutional right to have oral argument by counsel at the conclusion of an evidentiary hearing on a motion to suppress evidence. *Id.* Revocation of probation is not a stage of a criminal prosecution; therefore, a defendant "is not entitled to the full panoply of rights afforded a defendant in a criminal prosecution." *Phillips v. State*, 40 Ark. App. 19, 20–22, 840 S.W.2d 808, 810 (1992); *see Thurmond v. State*, 2014 Ark. 321, at 3, 442 S.W.3d 832, 833. Instead, a defendant arrested for a violation of probation "is entitled to fundamental fairness, and an opportunity to be heard, but not complete due process." *Turman v. State*, 2015 Ark. App. 383, at 5–6, 467 S.W.3d 181, 184–85. With this in mind, the State points out that appellant has failed to cite any case in which the constitutional right to make a closing argument has been extended to a probation-revocation hearing, and we have none. However, we need not reach the answer to this question in light of the record before us.

Our appellate courts have repeatedly stated that we will not address an argument, even a constitutional one, that is raised for the first time on appeal. *See Roston v. State*, 362

8

Ark. 408, 208 S.W.3d 759 (2005); *Curtis v. State*, 2020 Ark. App. 352; *Richard v. State*, 2020 Ark. App. 492. Here, appellant's counsel was present during the entire proceedings. However, counsel did not object or assert on appellant's behalf that he desired to make a closing argument before the circuit court revoked appellant's probation. Although appellant acknowledges that he failed to object below, appellant alleges that he had no opportunity to object and cites our supreme court's decision in *Eberlein v. State*, 315 Ark. 591, 869 S.W.2d 12 (1994). Eberlein appealed after the court did not pronounce guilt at the conclusion of his bench trial but postponed any sentencing hearing until a presentence report could be generated. *Id.* However, the circuit court never held any hearing but simply filed an order finding him guilty and sentencing him without the benefit of a hearing. *Id.* Our supreme court held that Eberlein's argument was preserved because he had no opportunity to object since there was no hearing in which to object. *Id.* That is not the case here. A hearing was held, and both appellant and his counsel were present. Unlike defense counsel in both *Herring* and *S.S.*, appellant's counsel did not object at any point when the circuit court recounted the evidence presented at the hearing and found appellant in violation of his probation. Accordingly, we affirm on this point.

### III. *Closing Argument or Evidence Prior to Sentencing*

Appellant additionally argues that the circuit court's actions at sentencing deprived him of his right to counsel at a critical stage in the proceeding. Citing Arkansas Code Annotated section 16-97-102 (Repl. 2016), appellant explains that the circuit court failed to give him an opportunity to present any arguments or evidence before sentencing him after finding him in violation of his probation and compares the facts of this case to those in

*Smith v. State*, 329 Ark. 238, 947 S.W.2d 373 (1997). After a bench trial, Smith was found in violation of his probation. *Id.* When defense counsel stated that she had no evidence to present during the sentencing phase, she left appellant to represent himself at the sentencing hearing. *Id.* Our supreme court reversed and remanded for resentencing, finding that the record reflected that Smith was never informed that he had a right to counsel for the sentencing phase or that he knowingly, voluntarily, and intelligently waived such right. *Id.*

*Smith* is distinguishable from the facts of this case. Here, appellant's counsel was physically present during the entire proceedings. Instead, appellant's argument is that the circuit court should have given him the opportunity to present arguments and sentencing evidence. As the State correctly argues even if section 16-97-102 is applicable to revocation proceedings even though revocation proceedings are not a stage of a criminal prosecution, appellant did not timely request to present any evidence relevant to sentencing or proffer any relevant evidence. We agree.

After the circuit court found appellant in violation of his probation and revoked it, it sentenced appellant. Appellant did not object or request to present any relevant sentencing evidence at that time. Instead, after the parties were discussing discovery in another one of appellant's pending cases, appellant's counsel stated the following: "However, to the revocation we would like to, just for purposes of getting it on the record, assert that it should be a bifurcated hearing and we should have been entitled, after a finding of allegations, to make arguments as to appropriate sentencing." The circuit court responded, "All right," and continued its discussion regarding the other case. This objection was not only untimely, but counsel failed to proffer any relevant evidence he would have presented. To preserve

a point for appeal, a proper objection must be asserted at the first opportunity after the matter to which objection has been made occurs. *Gamble v. State*, 351 Ark. 541, 95 S.W.3d 755 (2003). Moreover, when evidence is excluded by the circuit court, the party challenging that decision must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *Griffin v. State*, 2015 Ark. 340, 470 S.W.3d 676. Thus, because appellant did not object at the first opportunity and also failed to proffer any relevant evidence he would have presented at sentencing, appellant has failed to preserve his argument, and we affirm.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Peter E. Giardino*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.