Cite as 2022 Ark. 102

# SUPREME COURT OF ARKANSAS
No. CR-19-421

| | | |
|---|---|---|
| ROBERT WOODWARD | | **Opinion Delivered:** May 19, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CR-17-77] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE QUINCEY ROSS, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED. |

**KAREN R. BAKER, Associate Justice**

On February 25, 2019, the circuit court dismissed two pleadings filed in Robert Woodward's criminal case: (1) a motion to vacate an illegal sentence in which Woodward challenged the judgment reflecting his escape conviction and (2) what appears to be a civil complaint in which Woodward named several individuals as defendants and sought injunctive relief and damages, contending an ongoing violation of the Interstate Agreement on Detainers (IAD). Woodward appears to appeal only that portion of the order dismissing his motion to vacate an illegal sentence filed on February 1, 2019. On appeal, he reiterates his arguments from the motion to vacate as timely filed and further alleges that the circuit court misconstrued his claims for relief. We dismiss the appeal for lack of jurisdiction.

I. *Background*

On February 1, 2019, two pleadings—a motion to vacate an illegal sentence and a civil complaint—were filed in Woodward's criminal case in which he appeared to have pleaded guilty to second-degree escape and theft of property in September 2018. The circuit court dismissed both pleadings in an order filed February 25, 2019, finding that Woodward's postconviction petition was untimely and that he failed to state facts entitling him to relief.[1]

On appeal, Woodward did not contest the treatment of the motion to vacate as a postconviction petition pursuant to Rule 37.1 (2019), but he alleged, among other things, that the motion was not untimely. In support of his allegation, he claimed that he mailed an initial motion to vacate in late November or early December 2018 at the same time he mailed the civil complaint, and because he did not receive a response or file-marked copy, he mailed a substantially identical copy of the motion to vacate on January 9, 2019. Woodward pointed to a notation on the "civil complaint" filed on February 1, 2019, that indicates it was received on December 3, 2018, and that the State filed a response to a motion to vacate on January 16, 2019. The matter was remanded to settle and supplement the record because we were unable to address the merits with the gaps and inconsistencies in the record as it was before us. *Woodward v. State*, 2020 Ark. 307, 608 S.W.3d 580.

On remand, the circuit court was instructed to hold a hearing to settle the record and enter an order that provided findings. In response, two volumes of a supplemental record

---

[1]Although Woodward did not appeal the civil complaint, the circuit court dismissed the civil complaint in the same order, finding that the civil complaint was improperly filed in the criminal matter, failed to state facts upon which relief could be granted, and was barred by prosecutorial immunity.

were lodged with this court. However, the supplemental record did not include an order with findings filed by the circuit court as previously directed by this court. Consequently, the matter was remanded a second time to include any order that provided findings by the circuit court to settle and supplement the record. *Woodward v. State*, 2021 Ark. 101.

## II. *Standard of Review*

A decision on a petition for postconviction relief pursuant to Rule 37.1 will not be reversed unless the circuit court's findings are clearly erroneous. *Thomas v. State*, 2022 Ark. 12, 637 S.W.3d 268. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Jurisdiction*

Jurisdiction is a matter that we are obligated to raise on our own motion. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. On the basis of Woodward's assertions, had a Rule 37.1 postconviction petition been received at the same time the "civil complaint" appears to have been received and not been filed through some error of the clerk, Woodward's petition would have been timely filed. *See* Ark. R. Crim. P. 37.2 (c)(i) (If a conviction was obtained on a plea of guilty, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety days of the date of entry of judgment.). However, we were not able to determine whether we had jurisdiction over this matter without previously remanding the matter.

Upon remand, the circuit court determined that Woodward sent certain documents to the Chicot County Circuit Clerk at an unknown time before December 3, 2018, for filing; however, no document or any motion to vacate made it to the court file. Further, the court determined that the prosecutor responded to a motion that he received in his office some time before January 16, 2019, but the document that prompted the prosecutor's response was not available and could not be provided to the court. Ultimately, the circuit court was "unable to ascertain what caused the delay [in file-marking] the document and that [t]here was not enough information to determine if there were additional pleadings."

The findings of the circuit court do not establish that a motion to vacate was received to be filed within the ninety-day time frame to be considered timely for postconviction relief. As such, the circuit court lacked jurisdiction to address the merits of Woodward's postconviction petition. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Grant v. State*, 2020 Ark. 282; *Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005); *Miller v. State*, 2011 Ark. 344 (per curiam) (circuit court without jurisdiction to consider postconviction petition filed approximately eighteen months after judgment of conviction entered). Thus, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

*Robert Woodward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.